# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN E. TROTTER,                          :
                                          :
       Plaintiff,                 :
                                          :
    v.                                 : Civ. No. 20-336-LPS
                                          :
WARDEN KOLAWOLE AKINBAYO                  :
et al.,                                   :
                                          :
       Defendants.                :

---

John E. Trotter, Howard R. Young Correctional Institution, Wilmington, Delaware.  Pro Se Plaintiff.

Robert Michael Kleiner, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants Warden Kolawole Akinbayo and Jennifer Barnes.

## MEMORANDUM OPINION

March 28, 2022
Wilmington, Delaware

STARK, U.S. Circuit Judge:

## I.   INTRODUCTION

Plaintiff John E. Trotter ("Plaintiff"), an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 4)  He appears *pro se* and proceeds *in forma pauperis*. (D.I. 6)  Before the Court is State Defendants' motion to dismiss and Plaintiff's combined response and motion to amend. (D.I. 14, 16)

## II.   BACKGROUND

The Complaint alleges violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (D.I. 4 at 5)  The claims revolve around Plaintiff's classification and placement in a sex offender transitional program. (*Id.*)  Plaintiff alleges he is not a sex offender, is not currently incarcerated for a sex offense, and provided documentation to the warden that he is exempt from the requirements of 11 Del. C. §§ 4120 and 4336. (*Id.* at 5-6)  The Court screened this matter on March 1, 2021, pursuant to 28 U.S.C. § 1915A(b), and determined that Plaintiff had raised what appeared to be cognizable and non-frivolous 42 U.S.C. § 1983 claims. (D.I. 11)

State Defendants Warden Kolawole Akinbayo ("Akinbayo") and Jennifer Barnes ("Barnes") (together "State Defendants")[1] move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 14)  Plaintiff opposes and seeks leave to amend. (D.I. 16)

## III.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

---

[1] The Complaint also names Heidi Holloway ("Holloway") as a defendant. She has been served, but has not answered or otherwise appeared. (*See* D.I. 13)

1

1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).  Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint,

2

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.   DISCUSSION

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See e.g., Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court screened this case, liberally construed it, and determined that Plaintiff has raised cognizable and non-frivolous claims. (*See* D.I. 11)

State Defendants move to dismiss on the grounds that Plaintiff was not denied due process and they are entitled to qualified and sovereign immunity. (D.I. 14) State Defendants' motion to dismiss Plaintiff's due process claim rests upon his alleged conviction. They refer to Exhibit A and assert that Plaintiff was convicted of unlawful sexual contact in the third degree on April 24, 1977. (D.I. 14 at 1) State Defendants did not provide Exhibit A to the Court. Under the circumstances, then, the Court must credit Plaintiff's allegations, for purposes of the pending motions. Therefore, the motion to dismiss the due process claim and on the grounds of qualified immunity will be denied without prejudice to renew.

State Defendants also move to dismiss those claims raised against them in their official capacities based under immunity from suit under the Eleventh Amendment. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009).  The claims raised against State Defendants in their official capacities are barred by the Eleventh Amendment and, therefore, State Defendants' motion to dismiss on this ground will be granted.

## V.    MOTION TO AMEND

Plaintiff moves for leave to file an amended complaint.  (D.I. 16)  Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading, which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.  Plaintiff did not comply with this rule.

Therefore, Plaintiff's motion will be denied without prejudice to renew upon compliance with the Local Rules of this Court.  (D.I. 16)

## VI.    CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny without prejudice to renew in part State Defendants' motion to dismiss (D.I. 14); and (2) deny without prejudice to renew Plaintiff's motion for leave to amend.  (D.I. 16)

An appropriate Order will be entered.