IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN E. TROTTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN KOLAWOLE AKINBAYO and<br>JENNIFER BARNES,<br><br>　　　　　Defendants. | Civil Action No. 20-336-GBW-CJB |

## MEMORANDUM ORDER

Having reviewed the proposed joint pretrial order (D.I. 84) submitted by Plaintiff John Trotter and Defendants Kolawole Akinbayo and Jennifer Barnes regarding the jury trial scheduled to begin on August 20, 2024, **IT IS HEREBY ORDERED** that:

1. Trotter moves *in limine* for the Court to exclude evidence regarding his criminal offenses.[1] D.I. 84, Ex. B, Plaintiff's Motion, at 1. This lawsuit arises from Trotter's placement into a sex offender treatment plan while incarcerated in 2016 for assault in the second degree, drug dealing tier 4, and possession of a destructive weapon. Defendants contend that they should be permitted to inform the jury of the crimes that resulted in Trotter's 2016 incarceration, while Trotter contends that this information is irrelevant and, if revealed, would be highly prejudicial. *Id.* Rule 403 permits the Court to exclude relevant evidence if the Court finds that its probative value is

---

[1] Trotter excludes from the motion *in limine* that he was convicted of unlawful sexual contact 3rd degree in 1997, and the fact that his 2016 offenses were not sex-related offenses. D.I. 84, Ex. B, at 1.

substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Defendants suggest two (2) possible sources of relevance. First, Defendants contend that the 2016 convictions are relevant because Plaintiff's entire criminal history was considered when Trotter was assigned to the sex offender treatment plan. D.I. 84, Ex. B, Defendants' Opposition, at 2. However, the plan at issue is for sex offender treatment, and the only criteria relevant to that classification is whether the 2016 convictions were for sexual offenses (they were not). *See* JTX045 at DOC001933. That Trotter's 2016 convictions were "an input" that was "reviewed" does not mean that they were relevant to the consideration then, or especially relevant to the jury now. Barnes-Baptiste Dep. Tr. at 26-27, 63, 188-189. Moreover, even if the Court assumes that Trotter's past convictions were relevant, the probative value of such information would be greatly outweighed by the risk of unfair prejudice. *See Marvel v. Snyder*, No. CIV.A. 99-442-GMS, 2003 WL 22134838 (D. Del. Sept. 9, 2003) (noting that evidence of a prior conviction would "certainly be unduly prejudicial" and would "inflame the jury"). Second, Defendants suggest that Trotter's 2016 convictions are relevant to reputational damages, insofar as the 2016 convictions may have already harmed Trotter's reputation so greatly as to limit the impact of the assignment into the sex offender treatment program. D.I. 84, Ex. B, Defendants' opposition, at 3. However, the Third Circuit has noted that being a sex offender in a prison population is *per se* harmful to reputation. *Rechenski v. Williams*, 622 F.3d 315, 326-27 (3d Cir. 2010). While there is some relevance to Plaintiff's reputational damages, Defendants do not set out facts that would suggest that Defendants' 2016 convictions would significantly alter his reputation or mitigate his damages. *See Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir.1997) ("We can hardly conceive of a state's action bearing more stigmatizing consequences than the labeling of a prison inmate as a sex offender."). Thus,

the probative value of the specifics of his 2016 convictions remains low, while the prejudicial effect is substantial. Accordingly, Trotter's motion *in limine* is **GRANTED**.

2. Defendants move *in limine* to exclude exhibits and testimony about communications between the Delaware Department of Justice, the Superior Court, and Trotter, regarding the sex offender registration following his 1997 conviction. D.I. 84, Ex. C, Defendants' Motion, at 1. The State has taken a convoluted and conflicting set of positions with respect to Trotter, at various times seeking to require Trotter to register, acknowledging that Trotter need not register, and prosecuting Trotter for not having registered. *See id.* at 2-3; D.I. 30 at 12-13. Trotter argues that this procedural history between the Department of Justice and Trotter is relevant to show that "the removal occurred." D.I. 84, Ex. C, Plaintiff's Response, at 2. However, Defendants are willing to stipulate to the fact that Trotter was not required to register as of the time of his assignment. D.I. 84, Ex. C, Defendants' Reply, at 1. Defendants contend that the various positions taken by the Department of Justice with respect to Trotter are not relevant to whether the Defendants in this case—employees of the Department of Correction, not the Department of Justice—violated Trotter's constitutional rights. *Id.* at 1-2. Moreover, Defendants contend that, even if the Court finds that the evidence is relevant, such evidence would likely confuse the jury and prejudice Defendants by causing the jury to impute the Department of Justice's conflicting positions onto Defendants, who were not involved in the prior litigation. *Id.* at 2. Plaintiff's only stated relevance of the various communications with the Department of Justice is that a court ultimately found that Trotter was "unequivocally relieved of being designated a sex offender under Delaware law." D.I. 84, Ex. C, Plaintiff's Response, at 4. As this fact is not in dispute, the Court agrees with Defendants that spending time re-litigating the Department of Justice's conduct in a trial relating to alleged misconduct by employees of the Department of Correction carries significant risk of confusing the

issues and prejudicing Defendants by imputing the unrelated actions of State government non-parties to the Department of Correction Defendants in this suit. Fed. R. Evid. 403. Defendants' motion *in limine* is **GRANTED**.

Date: August 13, 2024

                                                GREGORY B. WILLIAMS
                                                UNITED STATES DISTRICT JUDGE